## KELLER v MONARCH RUBBER CO.

Ohio Appeals, 5th Dist, Stark Co

No 1994. Decided Oct 16, 1941

H. W. Harter, Canton, for plaintiff-appellee.

Burt, Carson & Shadrach, Canton, for defendant-appellant.

## OPINION

By LEMERT, PJ.

The defendant-appellant complains of the following errors intervening in the trial court:

1. In ordering a remittitur the court found the verdict to be based upon prejudice and should have set it aside.

2. Error in overruling defendant's motion for a directed verdict, and in refusing to give defendant's requested charge No. 3.

3. Error in refusing defendant's requested charge No. 4 and thereby removing the item of damages to feelings and mental pain and suffering.

4. Error in giving plaintiff's request No. 2 which is wholly inconsistent with defendant's request No. 1 which was also given.

5. Error in giving plaintiff's request No. 3 and overruling defendant's motion to withdraw the issue of punitive damages.

This is an action for alleged damage to real estate and for mental injury, pain and suffering therefrom, and is based upon alleged wilful and reckless acts of the appellant.

The plaintiff, Floyd Keller, owns a small home in the unincorporated village of Hartville, Stark County, Ohio. Nearby is the plant of the appellant, The Monarch Rubber Company. A street known as High Street passes in front of appellee's property and leads into the premises of the Monarch Company. Being an unincorporated village the streets are under the care and jurisdiction of the Township Trustees.

A verdict for $2,250.00 was rendered in favor of the plaintiff. The trial court ordered a remittitur of $750.00, finding that the amount "seems to have been based largely upon sympathy for the plaintiff". The remittitur was accepted and a judgment for $1,500.00 rendered, from which this appeal is taken.

In passing upon defendant's motion for new trial, the court below rendered a statement of facts which is in the file of this case as follows:

"The verdict in this case so far as the amount is concerned seems to have been based largely upon sympathy for the plaintiff, and it is the opinion of the court that a verdict of $1,500.00 is all that can be justified under the evidence and for that reason will grant a remittitur to said amount, and if accepted by plaintiff the motion for new trial will be overruled; otherwise sustained."

When the court found that the verdict was based largely upon sympathy for the plaintiff, it found that the verdict had been rendered as a result of prejudice. Prejudice is defined by Webster as "leaning toward one side of a question from other considerations than those belonging to it." From an examination of the record in this case we are of the opinion that sympathy for plaintiff, who was badly crippled, was a consideration other than those belonging to this case.

It has been well settled in Ohio that if a verdict is excessive, but not rendered under the influence of passion and prejudice, that it is subject to the supervision of the Court and a remittitur may be ordered, but if such verdict is the result or was given under the influence of passion and prejudice, there is no alternative but to grant a new trial.

"If the Court of Appeals in an error proceeding, in an action for unliquidated damages, finds that the verdict was rendered under the influence of passion, it has no alternative except to reverse and remand for a new trial." **120 Oh St 273.**

Where prejudice intervenes the verdict is not that to which the litigants are entitled—the verdict of an impartial jury; hence, in law, no verdict. The presence and influence of passion or prejudice, in producing the excess, vitiates the verdict in toto, and excludes the power of the Court to validate, or save, any part of it against the concurrence of either party.

A reading of the record in this case convinces us that this property was not worth more than $2,000.00, and the jury rendered a verdict for $2,250.00; leaving the plaintiff-appellee with his property intact, none of it having been taken, but impaired and damaged to some extent, but not in any amount like $2,250.00. The record clearly discloses this verdict to have been rendered by passion, sympathy and prejudice, and the Court below should have granted a motion for a new trial, instead of ordering the remittitur.

We deem it unnecessary to pass upon the other alleged errors complained of in the record. For the reasons hereinbefore stated, the judgment is reversed and cause remanded to the Court below for further proceedings, according to law. Exceptions may be noted.

MONTGOMERY, J. and SHERICK, J., concur.