RADY *v.* FOREST CITY ENTERPRISES, INC.█

(No. 72367—Decided January 8, 1986.)

Court of Common Pleas of Cuyahoga County.

*Jacobson, Maynard, Tuschman & Kalur, Jerome Kalur* and *Matthew Moriarty,* for plaintiff.

*Baker & Hostetler, Albert J. Knopp, Mary M. Bittence* and *Michael Mahoney,* for defendant.

JAMES J. MCMONAGLE, J. In the instant action, which arose out of an alleged wrongful discharge from employment, the jury returned a verdict in favor of the plaintiff, Andrea Rady, on her defamation claim only, for $1,000,000 in compensatory damages and $1,000,000 in punitive damages.

The defendant, Forest City Enterprises, Inc., now has moved for a new trial and/or remittitur on the following grounds:

1. A fair trial was precluded by the misconduct of the plaintiff and the irregularities in the trial with respect to the General Electric subpoena (Civ. R. 59[A][1] and [2]).

2. The verdict of $2,000,000 is so excessive that it could only have been the result of passion and prejudice (Civ. R. 59[A][4]).

3. The verdict for plaintiff in the amount of $2,000,000 is against the manifest weight of the evidence (Civ. R. 59[A][6]).

4. Denial of defendant's motion for mistrial was error prejudicial to defendant's rights (Civ. R. 59[A][9]).

The plaintiff has requested prejudgment interest.

The basis of the plaintiff's claim was that the defendant's defamatory statements were motivated by actual malice and, therefore, exceeded the qualified privilege that would normally protect an employer when discussing matters which are reasonably calculated to protect or further a common interest. Qualified privilege has long been recognized in defamation cases.

" 'A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only.' * * *'' (Emphasis deleted.) *Hahn* v. *Kotten* (1975), 43 Ohio St. 2d 237, 244 [72 O.O.2d 134] (quoting 50 American Jurisprudence 2d (1970) 698, Libel and Slander, Section 195).

The jury found that the defendant's defamatory statements charging the plaintiff with a crime were made with the knowledge of their falsity or with a reckless disregard of whether they were false or not. See *Costanzo* v. *Gaul* (1980), 62 Ohio St. 2d 106, 111 [16 O.O.3d 134].

During the trial of this case, the plaintiff presented evidence of damage she allegedly suffered as the proximate

result of defendant's actions. The loss of her job with Forest City meant the loss of twenty-seven weeks of salary and six weeks of paid vacation. There was also testimony as to the opportunity for potential bonuses which was foreclosed to plaintiff. These items translated into more than $50,000 in damages. As a result of the accusations made against plaintiff, she claimed mental and emotional anguish. She testified that she had trouble sleeping. She stated that she was humiliated; that she lost self-confidence; and that she had become increasingly suspicious in social situations. Moreover, she expressed embarrassment in her job-seeking efforts, *i.e.*, an inability to explain her separation from her employment with Forest City. To justify a new trial on the basis that the verdict is against the manifest weight of the evidence, there must be such a lack of evidence that unbiased minds could not reach the conclusion the jury reached. 40 Ohio Jurisprudence 2d (1967), New Trial, Section 65. It is the finding of this court that there was sufficient credible evidence presented herein so that a new trial should not be granted under the authority of Civ. R. 59(A)(6).

Nevertheless, this court is convinced that the total verdict and judgment of $2,000,000 is excessive. Remittitur cannot remedy the prejudice demonstrated by this large verdict.

Initially, a reduction is necessitated by the operation of Civ. R. 54(C). That rule recites in pertinent part:

"* * * [H]owever, a demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial."

In her prayer for relief on her slander claim, plaintiff sought $500,000 in compensatory damages and $1,000,000 in punitive damages. The court specifically instructed the jury in its charge as to the monetary relief claimed. Therefore, the plaintiff is bound by her demand which was not amended prior to the commencement of trial and the judgment on the compensatory claim is reduced accordingly.

Under Civ. R. 59(A)(4), it is incumbent upon the court to examine the record and determine what factors induced the excessive verdict. *Fromson & Davis Co.* v. *Reider* (1934), 127 Ohio St. 564.

This court treads cautiously before implementing Civ. R. 59(A)(4) and has followed the dictates of a previous decision[1] which stated:

" '* * * The assessment of damages is so thoroughly within the providence of a jury that we do not feel, * * * that we have the right to enter this field, which is peculiarly that of the jury who heard the testimony, and to substitute our judgment for theirs, unless their judgment appears to have been the result of passion and prejudice and manifestly excessive.' " *Barnes* v. *Youngstown* (1982), 4 Ohio App. 3d 112, citing *Toledo, C. & O. RR. Co.* v. *Miller* (1923), 108 Ohio St. 338, at 402.

While there certainly was evidence presented of injury sustained by the plaintiff, the award rendered by the jury does not reasonably coincide with the harm suffered. Plaintiff's discharge and the underlying accusations were not disclosed to persons outside the immediate group composed of her supervisors and those responsible for hiring and firing. Damage to reputation is damage to the estimation in which one is held by others. A defamed person is compensated because of third persons'

---

[1] The earliest reported case of a court granting a motion for a new trial for excessive damages was a defamation case. *Wood* v. *Gunston* (1655), Style 466, 82 Eng. Rep. 867 (K. B. Div.).

states of mind. If a person is thought less of by a greater number of individuals, should not that person be compensated more than the individual who is thought less of by fewer people? In fact, Sam Miller, a chief executive of Forest City, wrote a glowing recommendation letter for plaintiff. It should also be remembered the jury found for the defendant on plaintiff's wrongful discharge claim.

Another factor to analyze is the emotional impact of the defamation. Realistically speaking, plaintiff's embarrassment was no greater than that of anyone else in like circumstances. She was humiliated and she suffered a blow to her self-esteem; yet there was no evidence of permanency of emotional damage.

The amount of punitive damages granted by the jury does not shock the conscience of this court but because of the finding on the compensatory damages, this verdict and judgment should also fall.

Taking a practical approach, one must be struck by the realization that if plaintiff were to invest her award wisely, she could conceivably never work again and could support herself and a family.

"Where prejudice intervenes the verdict is not that to which the litigants are entitled — the verdict of an impartial jury; hence, in law, no verdict. The presence and influence of passion or prejudice, in producing the excess, vitiates the verdict in toto, and excludes the power of the court to validate, or save, any part of it * * *." *Keller* v. *Monarch Rubber Co.* (App. 1941), 35 Ohio Law Abs. 380, 381 [23 O.O. 73].

Certainly, the reasonable mind must be impressed by how disproportionate the verdict is to the loss suffered by the plaintiff herein.

Defendant's motion for new trial is granted on the basis that the verdict is so excessive that it could only have been the result of passion and prejudice (Civ. R. 59[A][4]).

*Motion granted.*

